FILED BY *ЯС*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 NOV 16 PM 1

THOMAS M. GOULD
CLERK, U.S. DISTRICT CT
W/D OF TN, MEMPHIS

**DAVID CHALMERS,**

      Plaintiff,

v.

Case No.: 04-2694 D P

**DAVID CLEMONS, et al.,**

      Defendants.

---

ORDER ON MOTION FOR PROTECTIVE ORDER OR IN THE
ALTERNATIVE, A GAG ORDER

---

Before the court is the motion of Defendants requesting a Protective Order, or in the alternative, for a Gag Order prohibiting the parties from engaging in any pretrial publicity. As grounds for the motion, Defendants argue that pretrial publicity "so close to the impending trial of [the] case, will . . . prejudice the Defendants' right to a fair trial, and . . . materially prejudice the pending proceeding. . . ."

The Defendants seek an order that would require counsel and the parties to "cease any and all extra-judicial communications" concerning this lawsuit – that is, a gag order. A gag order is a prior restraint on speech that "raises rights under the First Amendment of the United States Constitution." United States v. Scarfo, 263 F.3d 80, 92 (3d Cir. 2001). A gag order also carries with it "a heavy presumption against its constitutional validity." Bailey v. Sys. Innovation, Inc., 852 F.2d 93, 98 (3d Cir. 1988) (quoting New York Times Co. v. United States, 403 U.S. 713, 714, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971)). As such, the party moving for the gag order must present evidence

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___11/17/05___

that demonstrates the need for the prior restraint on both the lawyer and the litigants. <u>Nebraska Press Assoc. v. Stuart</u>, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1978).

The court, however, cannot impose the ethical rules governing a lawyer's pretrial comments on litigants unless: 1) the litigants' pretrial comments are likely to interfere with the moving party's right to a fair trial; 2) other measures would not likely mitigate the effects of unrestrained pretrial publicity; and 3) the prior restraint would effectively prevent the perceived danger. <u>Bailey</u>, 852 F.2d at 99-100.

First, the court notes that Defendants have cited no civil case where a court has imposed a gag order, or even discussed whether a gag order was appropriate in the civil context.

Defendants also failed to demonstrate why a gag order is the least restrictive means available, i.e., why potential juror bias from exposure to extra-judicial commentary cannot be cured at the time of trial from search questioning of potential jurors and clear jury instructions to disregard extra-judicial commentary.

The Supreme Court has called a gag order "one of the most extraordinary remedies known to our jurisprudence." <u>Nebraska Press Ass'n v. Stuart</u>, 427 U.S. 539, 562, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1978). Counsel are bound by the rules governing the professional conduct of lawyers. However, Defendants have made no showing which would justify restraining the First Amendment rights of the litigants. Moreover, Defendants have failed to show that the pretrial publicity will substantially interfere with the ability to have a fair trial.

Accordingly, Defendants have failed to demonstrate why a gag order is the least restrictive means available, i.e., why potential juror bias from exposure to extra-judicial commentary cannot be cured at the time of trial from searching questioning of potential jurors and clear jury instructions

2

to disregard extra-judicial commentary.

Counsel are bound by the rules governing the professional conduct of lawyers. However, Defendants have made no showing which would justify any restraint on the First Amendment rights of the litigant(s). Since Defendants have failed to demonstrate cause for relief, Defendants' motion is DENIED in its entirety.

**IT IS SO ORDERED** this _15th_ day of _November_ 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:04-CV-02694 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Jock M. Smith
COCHRAN CHERRY GIVENS & SMITH
P.O. Box 830419
306 North Main Street
Tuskegee, AL 36083

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT